UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT BEST** AN INDIVIDUAL, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,

    Plaintiff,

vs.

**DPS EAST COAST, LLC, and DANIAL A. McHENRY,**

    Defendant.

_____/

CASE NO.

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, **ROBERT BEST** ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants, **DPS EAST COAST, LLC and DANIAL A. McHENRY** (collectively "Defendants"), seeking damages for unpaid wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* and asserts as follows:

### INTRODUCTION

This is an action brought by Plaintiff, individually and as a representative for a collective action, against his employer, Defendants, for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff and

the putative class members were not paid overtime premium pay for the hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## JURISDICTION AND VENUE

1. This is an action for damages that exceeds the minimal jurisdictional limits of this Court.

2. Venue lies in Duval County, Florida in that all material actions taken and events recited occurred in said County.

## PARTIES

3. Plaintiff brings this action individually and as a collectively for the following persons:

All workers who were employed by Defendants as a contract employee, processing chicken, or other similar position, spent all or part of their workweek performing tasks typically associated with the job of a processing and did not receive the overtime premium pay for all hours worked over forty (40) per workweek during the last three years.

4. Plaintiff is an adult individual residing in Moorefield, WV.

5. Plaintiff was employed by Defendants as a contact supervisor during the three-year period preceding the filing of this Complaint and

performed work for Defendants in the State of Florida and in this District.

6. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). See Exhibit A.

7. Defendant, DPS EAST COAST, LLC (DPS), is a Florida Limited Liability Company with its principal address located at 2811 Casa Del Rio, Jacksonville, FL 32257.

8. DANIAL A. McHENRY is a resident of Duval County, Florida and the manager of Defendant DPS.

9. During all times material to this complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d);

10. During all times material to this complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. During all times material to this Complaint, Plaintiff and the putative class members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

12. Defendant DPS provides chicken processing for Pilgrims.

13. At all times material herein, Defendants, individually, and collectively are an employer and enterprise engaged in interstate commerce and are subject to the FLSA.

14. Defendant, DPS, at all times material, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

15. Defendant, DANIAL A. McHENRY, at all times material, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

16. Alternatively, Defendants, individually and/or collectively, at all times material, have annual revenue of at least five hundred thousand dollars ($500,000.00) and are subject to the FLSA.

17. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendants as a contact supervisor or chicken processing wherein Plaintiff provided services typically associated with a processing chicken to Defendants' customers.

18. Plaintiff worked for Defendants as a technician from approximately June 7, 2021 until February 20, 2022.

19. Plaintiff worked on commercial and residential accounts as Defendants' employee.

20. At all times material, Plaintiff was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

21. At all times material, Defendants employed Plaintiff and at least one additional supervisor or chicken processing who performed the same or similar job as Plaintiff.

22. Defendants, individually and collectively, were at all times material "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

23. Defendants, individually and collectively, were at all times material Plaintiff's employers and were an enterprise engaged in interstate commerce and subject to the FLSA.

24. In addition to the above described activity, Defendants, as part of their business, would engage in interstate commerce:

   a. By transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers outside the state of Florida, which were part of interstate commerce;

   b. By advertising on the World Wide Web and other mediums to potential clients outside the State of Florida; and/or

   c. By transacting business across state lines, all of which are part of

interstate commerce.

25. Furthermore, Defendants obtained, exchanged, and sent/received funds to and from areas outside of the State of Florida and to the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

26. Defendants supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

27. Defendant, DANIAL A. McHENRY, is an owner, director, officer, and managing member of Defendant, DPS, who supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

28. Defendants individually and/or collectively supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees

29. At all times material herein, Defendants individually and

collectively, controlled Plaintiff's, and the opt in Plaintiffs', day to day activities, supervised, and/or had operational control over them, were responsible for hiring, had the ability to terminate them, and could set their rate of pay/determining if the minimum wage or overtime was to be paid.

30. Defendants also controlled Plaintiff's, and the opt in Plaintiffs', work schedule including the number of days and hours worked, determining and assigning work duties, and supervising them.

31. Plaintiff, and the opt in Plaintiffs, were covered by the FLSA as they utilized the instrumentalities of interstate commerce while performing duties for Defendants.

32. While employed with Defendants, Plaintiff's and the opt in Plaintiffs', work duties included, but were not limited to, kept track of individuals times, make sure people do the job, and shipping of chicken.

33. As part of his work duties for Defendants, Plaintiff, and the opt in Plaintiffs, regularly used and/or facilitated interstate commerce, including but not limited to ordering supplies, and goods by mail, telephone or fax, and receipt of goods ordered from out-of-state suppliers, driving to job locations, and processing of credit cards.

34. Plaintiff, and the opt in Plaintiffs, were "non-exempt" employees of Defendants.

35. Plaintiff, and the opt in Plaintiffs, were hourly employees of Defendants and did not earn commission.

36. Plaintiff, and the opt in Plaintiffs, worked the number of hours required by Defendants but were not properly paid for each and every hour worked over forty (40) hours during a work week.

37. Defendants suffered and permitted Plaintiff, and the opt in Plaintiffs, to work as their employees, but did not pay the appropriate rate for all work that Plaintiff, and the opt in Plaintiffs, performed for them.

38. Plaintiff, and the opt in Plaintiffs, frequently worked over forty (40) hours in a work week for Defendants but were not paid overtime compensation at the proper overtime rate by Defendants for each hour that he worked over forty (40) hours in a work week.

39. Defendants edited Plaintiff's, and the opt in Plaintiffs', weekly time log and/or edited their total hours worked, to avoid paying Plaintiffs for all hours worked and to avoid paying Plaintiffs overtime compensation.

40. Defendants were involved in, and responsible for, paying for work performed.

41. The records concerning the hours worked by Plaintiff, and the opt in Plaintiffs, are in the exclusive possession and sole custody and control of Defendants. Therefore, Plaintiff is unable to determine and state the exact

amount of damages due.

42. Defendants are liable to Plaintiff, and the opt in Plaintiffs, under the FLSA as employers.

43. Defendants' actions in failing and/or refusing to pay Plaintiff, and the opt in Plaintiffs, the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

44. Defendants' actions in failing and/or refusing to pay Plaintiff, and the opt in Plaintiffs, proper overtime pay for each and every hour of work over 40 hours in a work week as required by the FLSA, were willful and not in good faith.

45. Because of Defendants' failure/refusal to pay Plaintiff, and the opt in Plaintiffs, in accordance with the FLSA, Plaintiff has retained the undersigned attorneys to prosecute this cause of action for unpaid overtime wages under the FLSA.

46. Contact supervisor or chicken processing, including Plaintiff, routinely work in excess of forty (40) hours in a workweek. Plaintiff would regularly work well in excess of fifty (50) hours in a workweek during the three-year period preceding the filing of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff realleges and incorporates all the paragraphs above as if fully set forth herein.

48. Plaintiff brings this action on behalf of himself and all workers who were and/or are employed by Defendants as a contact supervisor or chicken processing (or similar position), and did not receive overtime premium compensation/pay for hours worked over forty (40) per workweek during the last three years.

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages/overtime compensation, liquidated damages, attorney's fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

50. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

51. Plaintiff estimates that there are over fifty (50) potential opt in Plaintiffs who are eligible to join this lawsuit.

## COUNT I

**Violation of Fair Labor Standards Act – Overtime ("FLSA") (Collective Action)**

52. Plaintiff realleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein

53. Defendants are employers subjected to the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

54. As employees of Defendants, Plaintiff and the opt in Plaintiffs, worked hours in excess of the maximum weekly hours permitted under the FLSA but were not properly paid overtime for those excess hours.

55. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

56. Throughout Plaintiff's and the putative class members' employment, Defendants have known that Plaintiff and the putative class members were not exempt from the wage and overtime obligations imposed by the FLSA. Defendants knew that they were required to pay Plaintiff and the putative class members overtime compensation for all hours worked in excess of 40 hours in a work week. In spite of such knowledge, Defendants willfully

withheld and failed to pay the wages and overtime compensation to which Plaintiff and the opt in Plaintiffs were entitled.

57. Pursuant to the FLSA, Plaintiff, and the opt in Plaintiffs, are entitled to compensation for unpaid overtime at a rate of one and one half times their regular rate. Because Defendants' failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages dating back three years.

58. The identity of all the putative class members is unknown at this time, but is known to Defendants, and is set forth in Defendants' records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

59. The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by them.

60. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and those similarly situated to him are entitled to review their records of hours worked to determine the exact amount of overtime

owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

61. Defendants' failure to pay Plaintiff and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

62. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff and the putative class members proper compensation. As such, Plaintiff and the putative class members are entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendants as follows:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all potential class members that this litigation is pending and that they have the right to "opt

in" to this litigation;

C. Award Plaintiff and the putative class members their unpaid wages, including overtime wages, as to be determined at trial together with any liquidated damages allowed by law;

D. Find that the Defendants violation of the FLSA was willful;

E. Grant judgment against Defendants for all damage, relief, or any other recovery whatsoever;

F. Award Plaintiff and the putative class members their reasonable costs and attorney's fees necessarily incurred herein; and

G. Award Plaintiff and the putative class members such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT
Fla. Bar No. 0154784
Law Offices of Talbott & Lampert, P.A.
900 East Moreno Street
Pensacola, Fla. 32503
(850) 437-9600
(850) 437-0906 (facsimile)
civilfiling@talbottlawfirm.com
*Attorney for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

                                              /s/ Jeremiah J. Talbott
                                              JEREMIAH J. TALBOTT, ESQ.

15
*Robert Best v. DPS East Coast, LLC, et al*
COMPLAINT FOR COLLECTIVE ACTION