IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT BEST, an individual,
on behalf of himself and others
similarly situated,

      Plaintiff,

v.                                         Case No.: 3:22-CV-246-BJD-MCR

DPS EAST COAST, LLC and
DANIAL A. McHENRY

      Defendants.
_____/

## PLAINTIFF'S RESPONSE TO COURT'S INTERROGATORIES

1. During what period of time were you employed by the Defendant?

   **ANSWER:** I was employed by the Defendant from approximately June 7, 2021 until February 20, 2022.

2. Who was your immediate supervisor?

   **ANSWER:** During my employment with DPS East Coast, LLC, Danial McHenry was my immediate supervisor.

3. Did you have a regularly scheduled work period? If so, specify.

   **ANSWER:** For the first two months of employment, I worked daily (Monday – Sunday) from 9:45 PM to 7:30 AM. Starting August 2021, I

worked Sunday, Monday, Tuesday, Wednesday, and Thursday from 9:45 PM to 11:00 AM.

4. What was your title or position? Briefly describe your job duties.

    **ANSWER:** From June 2021 to August 2021, my title was a contract labor. Specifically, I worked in the shipping department. In the shipping department, my job duties consisted of stacking boxes on to pallets. I was promoted to Contract Supervisor in August 2021. As a contact supervisor, my job duties consisted of overseeing employees, getting supplies for each job, keeping track of employee's hours and recruiting new employees.

5. What was your regular rate of pay?

    **ANSWER:** From June 2021 to August 2021, my rate of pay was $14.50. From August 2021 to October 2021, my rate of pay was $16.50. From October 2021 to February 2022, my rate of pay $18.00.

6. Provide an accounting of your claim, including:

    **ANSWER:**

    a. <u>Dates</u>: June 7, 2021 to February 20, 2022.

    b. <u>Regular hours worked</u>: I am unable to provide an exact accounting of my hours, and the records produced by Defendant grossly understate the hours I worked. However, I typically worked an average of approximately 54 hours per week for the Defendants.

c. <u>Over-time hours worked</u>: I am unable to provide an exact accounting, and the records produced by Defendant grossly understate the hours I worked. However, I typically worked an average of approximately 54 hours per week for the Defendants. These hours would vary, but I would frequently work in excess of forty (40) hours per week. On average, I believe that I would work approximately 54 hours per week, resulting in approximately 14 overtime hours per week, on average.

d. <u>Pay received versus pay claimed</u>: The pay I received was in accordance with Defendants' erroneous time records, rather than the actual hours I worked. On average, Defendants' time records understate the hours I worked by approximately thirty (30) to forty (40) hours per week.

e. <u>Total amount claimed</u>: I am unable to provide an exact accounting because Defendants records grossly understate the hours I worked. However, based on the above description of my claim, I believe I am entitled to recover the thirty (30) to forty (40) hours per week of uncompensated time described above, which includes the approximately 8 to 20 hours per week earned in excess of forty (40)

hours. Additionally, I am entitled to an equal amount of liquidated damages.

7. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

   **ANSWER:** I first complained to the Defendant via my original supervisor.

8. Was this complaint written or oral? (fi a written complaint, please attach a copy).

   **ANSWER:** Oral

9. What as your employer's response? (If a written response, please attach a copy).

   **ANSWER:** I was told that Pilgrims Pride did not pay the employer overtime, which is the reason why I did not get paid overtime.

10. Did you maintain any records of the hours you worked? If so, identify all such records.

    **ANSWER:** I submitted all my hours through the company portal, which is was cleaned out after I resigned.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

*R. Best*
R. Best (Aug 12, 2022 15:20 CDT)
Signature

R. Best
_____
Printed Name

Aug 12, 2022
_____
Date

# Robert Best v. DPS East Coast, LLC, et al

Final Audit Report                                                              2022-08-12

| | |
|---|---|
| Created: | 2022-08-08 |
| By: | Talbott, & Lampert, P.A. (civil@talbottlawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAmQudRic4zclwmq1wxk9i7uop5ApChUH0 |

## "Robert Best v. DPS East Coast, LLC, et al" History

- Document created by Talbott, & Lampert, P.A. (civil@talbottlawfirm.com)
  2022-08-08 - 1:50:56 PM GMT- IP address: 184.188.38.107

- Document emailed to robertbest84@outlook.com for signature
  2022-08-08 - 1:51:43 PM GMT

- Email viewed by robertbest84@outlook.com
  2022-08-12 - 8:17:08 PM GMT- IP address: 76.224.9.253

- Signer robertbest84@outlook.com entered name at signing as R. Best
  2022-08-12 - 8:20:38 PM GMT- IP address: 76.224.9.253

- Document e-signed by R. Best (robertbest84@outlook.com)
  Signature Date: 2022-08-12 - 8:20:39 PM GMT - Time Source: server- IP address: 76.224.9.253

- Agreement completed.
  2022-08-12 - 8:20:39 PM GMT

Adobe Acrobat Sign